IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| REGGY LYNN COLEMAN, #1711881, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | CIVIL CASE NO. 3:17-CV-1304-G-BK |
| § | |
| LORIE DAVIS, Director, TDCJ-CID, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Reggy Lynn Coleman's ("Coleman's") petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for a recommended disposition. Upon review of the relevant pleadings and applicable law, the habeas corpus petition should be **DENIED**.

## I.  BACKGROUND

A jury convicted Coleman of aggravated assault with a deadly weapon and, after finding the enhancement paragraphs true, sentenced him to 60 years' imprisonment and a $10,000 fine. *State v. Coleman*, No. F-0871748-R, (265th Jud. Dist. Ct., Dallas Cty., Tex., Aug. 30, 2010), *aff'd*, No. 05-10-01116-CR, 2012 WL 2402617 (Tex. App. –Dallas, 2012, pet. ref'd). Subsequently, the Court of Criminal Appeals denied state habeas relief, without issuing a written order, on the trial court's findings. *Ex parte Coleman*, No. WR-85,826-01, Doc. 13-25 at 1 (Tex. Crim. App. Nov. 2, 2016).

Coleman then filed the *pro se* habeas petition in this case, challenging the pre-trial and in-court identifications of him, and alleging the State's use of perjured testimony, prosecutorial misconduct, and ineffective assistance of counsel. Doc. 3 at 6-8.  Respondent argues that

Coleman's challenge to the identifications and claims of ineffective assistance of counsel on appeal are unexhausted and, thus, procedurally barred, and that Coleman's remaining claims lack merit.  Doc. 12 at 7, 11-20.  Coleman filed an untimely *Response and Objection*, seeking to rebut Respondent's arguments.  Doc. 15.  At the same time, he also filed his *Motion for Leave to Amend Habeas Corpus Application and Submit in Support his Original Memorandum of Law*.  Doc. 14.  Respondent's answer, however, prospectively opposes any motions to amend or supplement.  Doc. 12 at 2.  For the reasons set out *infra*, the Court considers the substance of Coleman's late reply, but his motion for leave to amend should be denied as untimely.

## II.   PROCEDURALLY BARRED CLAIMS

### A. Claim 5 is Unexhausted and Procedurally-Barred

Coleman concedes that he did not exhaust his fifth claim that he was denied effective assistance of counsel on appeal.  Doc. 15 at 2.  This failure to exhaust state court remedies constitutes a procedural default that bars this Court from considering his claim of ineffective assistance of counsel.  *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  Furthermore, Coleman has not alleged or shown cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim.  *See Coleman*, 501 U.S. at 750; *see also Martinez v. Ryan*, 566 U.S. 1, 13, (2012) ("only where a prisoner is impeded or obstructed in complying with the State's established procedures will a federal habeas court excuse the prisoner from the usual sanction of default").  Accordingly, Fifth Claim, which alleges ineffective assistance, should be dismissed with prejudice as unexhausted and procedurally barred.

### B. Claim 1 is also Procedurally Barred

The state habeas court denied Coleman's first claim as procedurally barred because "Applicant did not challenge the use of an improper photo lineup or the complainant's identification of him at trial." Doc. 13-26 at 117. As such, Coleman has waived the objections he now seeks to raise in Ground One as to the pre-trial and in-court identifications of him. Doc. 3 at 6.

The Court of Appeals for the Fifth Circuit has repeatedly recognized a procedural default premised upon a federal habeas petitioner's failure to comply with Texas' contemporaneous objection rule, as is the case here. *See, e.g., Scheanette v. Quarterman*, 482 F.3d 815, 823-24 (5th Cir. 2007) (Texas contemporaneous objection is "an adequate and independent state procedural bar to federal habeas review"). Here, counsel's failure to challenge the photo lineup and object to the in-court identification constituted a procedural default in the state habeas court, that likewise bars this Court from considering those claims. *See Rowell v. Dretke*, 398 F.3d 370, 374 (5th Cir. 2005) (concluding state habeas court properly found the claim procedurally defaulted based on the Texas contemporaneous objection rule). As before, Coleman fails to demonstrate cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if the Court were to refuse to consider his claim. Doc. 15 at 1; *see Coleman*, 501 U.S. at 750. Therefore, Coleman's first claim, which challenges the pre-trial photo line-up procedures and the in-court identification of him, should be dismissed with prejudice as procedurally barred.

### III.   REMAINING CLAIMS LACK MERIT

A petitioner is not entitled to habeas corpus relief unless the state court's adjudication on the merits:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The petitioner bears the burden of establishing that he is entitled to relief. *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). However, that burden is "difficult to meet," *Harrington v. Richter*, 562 U.S. 86, 102, 105 (2011), because the state court's decision is reviewed under a "highly deferential" standard and afforded the "benefit of the doubt." *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted). Section 2254(d) "was meant to stop just short of imposing a complete bar to federal court relitigation of claims already rejected in state court proceedings, allowing for federal habeas relief only where there have been 'extreme malfunctions in the state criminal justice systems.'" *Wilson v. Cain*, 641 F.3d 96, 100 (5th Cir. 2011) (quoting *Richter*, 562 U.S. at 102). Consequently, as long as "'fairminded jurists could disagree' on the correctness of the state court's decision," federal habeas relief should not be granted. *Richter*, 562 U.S. at 102 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Explained differently, "even if the federal court disagrees with the state court ruling, the federal court should not grant habeas relief unless the state court ruling was objectively unreasonable." *Wilson*, 641 F.3d at 100; *see Richter*, 562 U.S. at 101 ("an *unreasonable* application of federal

law is different from an *incorrect* application of federal law") (quotations and quoted case omitted; emphasis in original).

In addition, the Court reviews claims of ineffective assistance of counsel under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the 'deferential lens of § 2254(d).'" *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Richter*, 562 U.S. 86, 101.

To establish ineffective assistance of counsel at trial, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. 668, 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his attorney's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

### A. Perjured Testimony – Claims 2-3

Coleman asserts that the prosecutor knowingly sponsored perjured testimony in order to convict an innocent man. Doc. 3 at 6. Coleman makes vague reference to "affidavits of

nonprosecution," and claims the prosecutor compelled Jeremy Hunt, the complainant, and Terry Burns, a witness, to testify falsely concerning "photo array procedures." Doc. 3 at 6-7. In his reply, Coleman avers that, during his trial testimony, Hunt admitted to providing different, misleading stories, for which the State had promised he would not be prosecuted. Doc. 15 at 5-6. Because Coleman's allegations are conclusory and lack merit, however, he is not entitled to relief on this claim.

Coleman fails to offer any factual or legal support for any of his claims, and his bare assertions do not establish that material, false or misleading testimony was admitted at trial. *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (cited cases omitted) (without evidence in the record, "a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . , unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value"); *Knox v. Johnson*, 224 F.3d 470, 477 (5th Cir. 2000) (to prove a Due Process Clause violation based on the state's reliance on false testimony, the defendant must establish: "(1) that a witness for the State testified falsely; (2) that such testimony was material; and (3) that the prosecution knew that the testimony was false." (quoting *Giglio v. United States*, 405 U.S. 150, 153-54 (1972)); *see also Napue v. Illinois*, 360 U.S. 264, 269, 271 (1959). Instead, Coleman merely disputes the veracity of state's evidence, pointing to the nonprosecution agreements. However, Coleman's mere disagreement with Hunt and Burns' testimony does not establish that either witness testified falsely. "Conflicting or inconsistent testimony is insufficient to establish perjury." *Kutzner v. Johnson,* 242 F.3d 605, 609 (5th Cir. 2001) (citing *Koch v. Puckett,* 907 F.2d 524, 531 (5th Cir.1990)). Rather, contradictory trial testimony "merely establishes a credibility question for the jury." *Koch,* 907 F.2d at 531

(inconsistencies in witnesses' testimony at trial are to be resolved by trier of fact and do not suffice to establish that certain testimony was perjured (citing *Little v. Butler,* 848 F.2d 73, 76 (5th Cir. 1988)). And absent a showing that the testimony at issue was actually false and that the prosecutor knew it was false, Coleman has failed to establish a constitutional violation. *See Pierre v. Vannoy*, 891 F.3d 224, 229 (5th Cir. 2018) (reiterating that no constitutional error can be alleged if the prosecutors does not knowingly present false testimony at trial (citing *Kinsel v. Cain*, 647 F.3d 265, 272 (5th Cir. 2011)).

Because the state court's determination of this issue neither was contrary to, nor involved an unreasonable application, of clearly established federal law, this claim fails.

### B. Ineffective Assistance of Counsel – Claim 4

Coleman also asserts that his trial counsel rendered ineffective assistance in failing to "investigate or purse police reports and witnesses which identified other potential suspects for the shooting." Doc. 3 at 7. He avers that counsel (1) did not discuss the pretrial evidence with him, (2) did not request "fingerprint or ballistic evidence or witnesses connecting him to the crime," and (3) completely "shut [him] out of the investigation process." Doc. 15 at 6, 8. He contends that counsel refused to explore that "one of the officer [sic] had an informant who said . . . that another [person] had committed the offense." Doc. 15 at 8.

Relying on trial counsel's affidavit, Doc. 13-26 at 165-167, the state habeas court rejected Coleman's claims finding as follows:

> [Trial counsel David] Pire states that he thoroughly investigated this case prior to trial. Pire sets out in his affidavit what he accomplished during his discovery. Further, Applicant has failed to state what a more in depth investigation would have shown. Also, Pire indicates that he discussed all of his investigation results with Applicant.

> Pire states that after interviewing the witnesses that Applicant requested to be called at trial, Pire and D' Amore determined that those witnesses would be more harmful to Applicant's case than helpful. This was discussed "in detail" with Applicant. Pire and D' Amore advised they could not present witnesses who would make misrepresentations to the jury and that they could not limit the scope of a witnesses' testimony.

Doc. 13-26 at 161.

Coleman does not present adequate factual support for his claim that counsel was ineffective for failing to investigate. Allegations of a counsel's failure to investigate must state with specificity what the investigation "would have revealed and how it would have altered the outcome of the trial." See *Lockett v. Anderson*, 230 F.3d 695, 713 (5th Cir. 2000). However, Coleman fails to meet this burden. See *Strickland*, 466 U.S. 668, 689 (petitioner bears burden to show that his attorney's actions "fell below an objective standard of reasonableness"). As such, Coleman has not produced clear and convincing evidence to rebut the presumption of correctness. 28 U.S.C. § 2254(e)(1). Additionally, Coleman does not allege, much less establish, how further investigation would have helped his defense and, ultimately affected the outcome of his trial. Thus, he fails to satisfy the prejudice prong under *Strickland*.

Moreover, Coleman does not identify any fingerprint/ballistic expert or other witness who could have testified. He also fails to allege with specificity the substance of the missing testimony or explain how such testimony would have been favorable to his defense. See *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (to show that counsel rendered ineffective assistance by neglecting to secure and call a lay or expert witness, the petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense"); *Evans v. Cockrell,* 285 F.3d 370, 377-78 (5th Cir. 2002)

(denying uncalled expert witness claim where petitioner failed to present evidence of what scientific expert would have stated if called; *Sayre v. Anderson*, 238 F.3d 631, 636 (5th Cir. 2001) (denying an uncalled witnesses claim because petitioner failed to present affidavits from missing witnesses); *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985) (rejecting failure to interview claim because petitioner failed to show who the uninterviewed witnesses were or the subject matter of their potential testimony).

Because Coleman has not demonstrated that the state court's decision rejecting his ineffective-assistance claim was contrary to or an unreasonable application of clearly established federal law, his claim has no merit.

## IV.    EVIDENTIARY HEARING NOT REQUIRED

Coleman requests an evidentiary hearing to develop the record and resolve "disputed material facts" regarding counsel's failure to investigate. Doc. 3 at 7. However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. Coleman cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Accordingly, he is not entitled to an evidentiary hearing.

## V.    LEAVE TO AMEND NOT WARRANTED

On December 26, 2018, more than two months after Respondent filed her answer, Coleman filed his *Motion for Leave to Amend Habeas Corpus Application and Submit in Support*

*his Original Memorandum of Law*.  Doc. 14.  As mentioned previously, in her answer, Respondent prospectively opposes any motions to amend or supplement.  Doc. 12 at 2.  Because more than 21 days elapsed since the filing of Respondent's responsive brief, Coleman "may amend [his] pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice requires."  *See* Fed. R. Civ. P. 15(a)(2).  For several reasons, justice does not require the grant of leave in this case.

First, the proposed amended petition and brief seek to expand Coleman's claims and arguments.  Doc. 14-1; Doc. 14-2.  In addition, Coleman's brief in support is not signed as required by FED. R. CIV. P. 11(a), Doc. 14-2 at 29, and includes 30 pages of new exhibits, Doc. 14-2 at 30-60.  Further, the one-year statute of limitations elapsed long before the filing of Coleman's motion for leave to amend.  *See* 28 U.S.C. § 2244(d)(1).  And by his proposed amended petition and brief in support, Coleman attempts to introduce new legal theories and facts different from those underlying his original claims.  As such, his newly raised, untimely claims and arguments – including his challenge to the photo array and sufficiency of the evidence, and his claims of ineffective assistance of counsel for failing to challenge the indictment, the charge, and the prosecution case, and to present sufficient evidence – do not relate back to his prior claims.  *See* FED. R. CIV. P. 15(c)(1)(B); *Mayle v. Felix*, 545 U.S. 644, 664 (2005) (only claims "tied to a common core of operative facts" as the claims in the original petition will relate back); *Felix*, 545 U.S. at 650 (noting that "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth" does not relate back and, thus, is time barred); *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir.

2009) ("New claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision.").

## VI.  CONCLUSION

For the foregoing reasons, Coleman's petition for writ of habeas corpus and motion for leave to amend and to submit a brief in support should be **DENIED**.

**SO RECOMMENDED** August 6, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE